IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01818-BNB

DAVID JOSEPH GARCIA,

Plaintiff,

v.

JEFFERSON COUNTY BOARD OF COMMISSIONERS,
TED MINKS, Jefferson County Sheriff, In his Professional and Personal Capacity,
JEFFERSON COUNTY DETENTION CENTER,
AIR MARK INC., and
JOHN/JANE DOES 1-20, In Their Professional and Personal Capacity,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, David Joseph Garcia, currently is detained at the Jefferson County Detention Facility in Golden, Colorado. Mr. Garcia initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. He seeks money damages.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Garcia will be ordered to file an Amended Complaint, name only proper parties to the action, and assert personal participation by proper parties.

The Court has reviewed the Complaint and finds that it is deficient. Mr. Garcia may not sue Defendants Jefferson County Detention Facility and Jefferson County Board of Commissioners, they are not separate entities from Jefferson County and, therefore, are not persons under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the detention facility and the commissioners must be considered as asserted against Jefferson County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Garcia cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Garcia must name and show how named defendants caused a deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable

on a theory of respondeat superior merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Garcia will be directed to file an Amended Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation. In order for Mr. Garcia to state a claim in federal court, his Amended Complaint must explain what each defendant did to him]; when the defendant did it; how the defendant's action harmed him; and, what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Garcia also should note that he may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Garcia file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Garcia, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Garcia fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to

the Court's satisfaction, the action will be dismissed without further notice.

DATED January 30, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-01818-BNB

David J. Garcia
Prisoner No. P00055371
Jefferson County Det. Facility
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on \_\_1/30/08\_\_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk