IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01818-BNB

DAVID JOSEPH GARCIA,

    Plaintiff,

v.

JEFFERSON COUNTY,

    Defendant.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 1 2008

GREGORY C. LANGHAM
                   CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, David Joseph Garcia, currently is detained at the Jefferson County Detention Facility in Golden, Colorado. Mr. Garcia initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. On January 30, 2008, the Court entered an order directing Plaintiff to amend the Complaint and assert personal participation by proper parties. On March 4, 2008, Plaintiff filed an Amended Complaint.

Plaintiff asserts two claims in the Amended Complaint. In Claim One, he contends that on July 4, 2007, he was given contaminated food that was infected with E. coli. He further asserts that he continues to experience severe cramping due to eating the infected food but is denied any medication to treat the pain. In Claim Two, Mr. Garcia, asserts that medical staff refuses to provide him with proper pain medication for his torn rotator cuff and the arthritis in his shoulders and back. The only named defendant in the Amended Complaint is Jefferson County.

The Court must construe the Amended Complaint liberally because Plaintiff is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Garcia will be ordered to file a Second Amended Complaint and to again name only proper parties to the action and assert personal participation by proper parties.

Although Mr. Garcia has named Jefferson County as a defendant, as he was instructed in the January 30, 2008, Order, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Garcia does not assert that the serving of contaminated food is a policy or custom of Jefferson County. Therefore, Jefferson County is an improper party to the action. Although Plaintiff refers to Airmark Inc. in Section A. of the Complaint and in Claim One, he fails to list Airmark as a defendant in the caption of the Complaint.

In Claim Two, Plaintiff asserts that medical staff is responsible for not providing him with proper pain medication. Again, Defendant Jefferson County is not liable for the injuries that employees may inflict on a plaintiff. Mr. Garcia must name the

individuals who are responsible for allegedly not providing him with proper medical care.

Plaintiff is instructed again that he must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Garcia must name and show how named defendants caused a deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff also is instructed again that he may use fictitious names, such as John or Jane Doe, if he does not know the real name of the individuals who allegedly violated his rights. However, he must provide sufficient information about each defendant, including an address, so that the Court is able to identify the individual for purposes of service.

With respect to Plaintiff's request for appointment of counsel, included in the March 4, 2008, pleading, the Court finds the request is premature. Mr. Garcia does not need the assistance of counsel to correct the noted deficiencies in his Amended Complaint and file a Second Amended Complaint with the Court. Accordingly, it is

ORDERED that Mr. Garcia file **within thirty days from the date of this Order** a Second Amended Complaint that is in keeping with the instant Order. It is

3

FURTHER ORDERED that the Clerk of the Court mail to Mr. Garcia, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Second Amended Complaint. It is

FURTHER ORDERED that if Mr. Garcia fails within the time allowed to file an original and sufficient copies of a Second Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's request for appointment of counsel, included in the pleading filed on March 4, 2008, (Doc. No. 19), is denied as premature.

DATED March 21, 2008, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01818-BNB

David J. Garcia
Prisoner No. P00055371
Jefferson County Det. Facility
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/21/08

                                  GREGORY C. LANGHAM, CLERK

                          By   /s/ illegible
                                      Deputy Clerk